IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.

MICHAEL DEWAYNE RHODES,

Defendant.

CR 26-06-BLG-KSL-1

MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Michael Dewayne Rhodes's Motion to Dismiss the Indictment. (Doc. 24). Rhodes argues that the Indictment should be dismissed because the government failed to state an offense. (*Id.* at 2). The government filed a response opposing the Motion. (Doc. 30). The Court held a hearing on August 5, 2026. (Doc. 42). The Court denies Rhodes's Motion.

## I. Background

The Indictment charges Defendant Michael Dewayne Rhodes with being a prohibited person in possession of a firearm, in violation of 18 U.S.C. §922(g)(1). (Doc. 3). The government alleges that Rhodes knowingly possessed a firearm despite having been previously convicted of a crime punishable by imprisonment for a term exceeding one year. (*Id.*). Rhodes has one felony conviction from Texas and three felony convictions from Montana. (Doc. 25 at 3-4). Rhodes does not dispute

that he has these convictions. Rather, he contends that his civil rights have been restored such that his convictions no longer qualify as predicate convictions under §922(g)(1).

Although Rhodes has felony convictions in both Montana and Texas, the government relies only on Rhodes's Texas felony conviction as the predicate offense for the §922(g)(1) charge—that is, the prior conviction the felon-in-possession charge depends on. (*See* Doc. 30 at 3). The Montana convictions are not at issue: Rhodes represents—and the government does not dispute—that his sentences for those convictions have expired and that his civil rights have been restored under Montana law. (*See id.*). Rhodes contends that Texas also restored his civil rights with respect to his Texas conviction because Texas law allows a felon, after the expiration of certain restrictions, to possess a firearm in his home. (Doc. 25 at 4). The government counters that the limited right to possess a firearm is not a full civil-rights restoration under §922(g)(1). (Doc. 30 at 2-3). So the parties agree that the Texas conviction remains the relevant conviction, but they dispute whether that conviction can sustain the §922(g)(1) charge.

Rhodes also argues that, given the interplay among Texas, Montana, and federal law, he lacked the knowledge required under *Rehaif v. United States*, 588 U.S. 225 (2019), and that this putative ambiguity warrants dismissal under the rule of lenity and principle of constitutional avoidance. (Doc. 25 at 13-16). The government

asserts that no legal ambiguity exists and that whether Rhodes possessed the requisite knowledge is a factual question, not a legal question for pretrial disposition. (Doc. 30 at 4-5).

## II. Standard of Review

Federal Rule of Criminal Procedure 12(b)(1) permits a party to raise "any defense, objection, or request that the court can determine without a trial on the merits" by pretrial motion. A pretrial motion is appropriate when it raises a legal question rather than a factual dispute. *United States v. Shortt Acct. Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986). When a motion "raises factual questions associated with the validity of the defense, the district court cannot make those determinations" before trial. *United States v. Schafer*, 625 F.3d 629, 635 (9th Cir. 2010).

Rule 12(b)(1) allows dismissal of an indictment prior to trial when undisputed facts demonstrate that the government cannot prove an essential element of the charged offense. *United States v. Phillips*, 367 F.3d 846, 855 n.25 (9th Cir. 2004).

## III. Analysis

### A. Rhodes's civil rights were not substantially restored.

This motion turns on whether any of Rhodes's prior felony convictions qualify as a predicate offense under 18 U.S.C. §922(g)(1). This section provides that "[i]t shall be unlawful for any person…who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year…to…possess in or

affecting commerce, any firearm or ammunition." Section 921(a)(20) limits what qualifies as a "prior conviction" for purposes of §922(g)(1) to those which have not been pardoned or expunged and exempts defendants who have had their civil rights restored following a conviction. Under §921(a)(20), only the convicting state jurisdiction can restore civil rights to a convicted felon and remove the disability of the predicate state offense. *United States v. Eaton*, 31 F.3d 789, 792 (9th Cir. 1994). This means that if either Montana or Texas failed to restore Rhodes's civil rights, his prior convictions satisfy §921(a)(20)'s definition of an applicable prior conviction.

In line with this statutory framework, the Ninth Circuit has developed a three-step formula to determine whether a state conviction remains a valid predicate offense under §921(a)(20) for purposes of the federal felon-in-possession statute, §921(g)(1):

> 1. Use state law to determine whether the defendant has a "conviction." If not, the defendant is not guilty. If so, go to step 2.
>
> 2. Determine whether the conviction was expunged, set aside, the defendant was pardoned, or the defendant's civil rights were restored. If not, the conviction stands. If so, go to step 3.
>
> 3. Determine whether the pardon, expungement, or restoration of civil rights expressly provides that the defendant may not ship, transport, possess, or receive firearms. If so, the conviction stands. If not, the defendant is not guilty.

*Van Der Hule v. Holder*, 759 F.3d 1043, 1046 (9th Cir. 2014).

Rhodes has one state felony conviction from Texas, and the government charged him under §922(g)(1) based solely on that conviction.[1] (Docs. 25 at 4; 30 at 3). This conviction satisfies step 1 of the Ninth Circuit's test.

Step 2 asks whether the government, for some other reason, cannot rely on this Texas conviction as a predicate offense. Under the second step, the Court must analyze whether Texas restored Rhodes's civil rights following his Texas felony conviction. Rhodes argues that his civil rights were restored because Texas law restores an ex-felon's ability to possess a firearm in the home. (Doc. 25 at 4). He relies on Texas Penal Code §46.04, which prohibits a felon from possessing a firearm within five years of release from confinement or supervision, or thereafter only "at any location other than the premises at which the person lives." Based on this provision, Rhodes contends that his civil rights have been restored for purposes of 18 U.S.C. §921(a)(20) and his conviction satisfies step 2 of the Ninth Circuit's test.

But restoration of an ex-felon's right to possess a firearm alone does not constitute a restoration of an ex-felon's civil rights under this second step. The Ninth Circuit has held that whether a state restored an individual's civil rights under

[1] Rhodes also has three Montana felony convictions from 2014, 2018, and 2022. (Doc. 25 at 3). He contends that his rights have been fully restored under Montana law. (*Id.*). Montana Code Annotated §46-18-801(2) provides that "if a person has been deprived of a civil or constitutional right by reason of conviction for an offense and the person's sentence has expired or the person has been pardoned, the person is restored to all civil rights and full citizenship." Rhodes represents—and the government does not dispute—that his Montana sentences have expired and his civil rights have therefore been restored under Montana law.

§921(a)(20) depends on whether the state "substantially restored" those civil rights. *United States v. Meeks*, 987 F.2d 575, 578 (9th Cir. 1993). This means the state restored the ex-felon's "right to vote, to seek and hold public office and to serve on a jury." *Id.* Because only Rhodes's Texas conviction remains at issue, Texas must have restored Rhodes's right to vote, hold public office, and serve on a jury for §921(a)(20) to apply. Texas has not restored any of those individual rights. The Fifth Circuit has further explained that restoration under §921(a)(20) can occur through a general express restoration or through state laws that allow felons to exercise each of these core civil rights individually. *United States v. Huff*, 370 F.3d 454, 461-62 (5th Cir. 2004). Texas Penal Code §46.04 does neither. *Id.*; *see also United States v. Garner*, No. 4:13-CR-142, 2020 WL 4287430, at *3 (E.D. Tex. July 24, 2020) ("Texas does not have an express, generalized restoration of a felon's civil rights nor does Texas restore all three of a felon's key civil rights—the rights to vote, hold office, and serve on a jury."). In fact, Texas law expressly disqualifies felons from serving on a jury. *Huff*, 370 F.3d at 461; *see also* Tex. Gov't Code §62.102(a)(8) (disqualification from petit jury service); Ann. Tex. C.C.P. Art. 19A.101(a)(8) (disqualification from grand jury service).

As further evidence that Texas has not restored Rhodes's civil rights and that his Texas felony conviction stands, the Eastern District of Texas has squarely rejected Rhodes's argument. There, the district court held that the limited right of a

felon to possess a firearm at home under Texas Penal Code §46.04 "is not the functional equivalent of restoring their civil rights" and does not trigger the §921(a)(20) exception. *Garner*, 2020 WL 4287430, at *3. The fact that Rhodes does not have the right to vote, hold public office, or serve on a jury means that Texas has not restored Rhodes's civil rights. *See Meeks*, 987 F.2d at 578; *Huff*, 370 F.3d at 461-62. His conviction remains a valid predicate offense, and the Court need not proceed to step 3 of the Ninth Circuit framework. *Van Der Hule*, 759 F.3d at 1046.

**B. Rhodes misunderstands what the government must prove to convict him of violating 18 U.S.C. §922(g)(1).**

Rhodes argues that the principles underlying two cases—*Rehaif v. United States*, 588 U.S. 225 (2019) and *United States v. Metcalf*, 156 F.4th 871 (9th Cir. 2025)—support his motion to dismiss. (Doc. 25 at 13). Neither case is persuasive here.

Rhodes argues for a higher mens rea requirement than *Rehaif* requires. He argues that he could not have been expected to realize that federal law prohibits him from possessing a firearm in his Montana home because Texas law allows him to possess one. (*Id.* at 14). But the Court in *Rehaif* held that in a prosecution under §922(g) and §924(a)(2), the government must prove only that the defendant knew he possessed a firearm and knew he belonged to the relevant category of persons barred from possessing a firearm (i.e., that he is a convicted felon). *Rehaif*, 588 U.S. at 237. Nothing more. That Rhodes might have been unaware that his conduct

and status together amounted to unlawful activity does not matter. *Id.* at 231-32.[2] Rhodes's knowledge that he both possessed a firearm and had a felony conviction in Texas is enough to satisfy *Rehaif.*

### C. None of the substantive canons of construction applied in *Metcalf* justifies dismissal here.

Because the Ninth Circuit is clear that Rhodes's Texas conviction makes him a prohibited person under §922(g)(1), *United States v. Metcalf* does not apply. In *Metcalf*, the Ninth Circuit held that the license exception in the Gun-Free School Zones Act was ambiguous given the unique facts of the case. 156 F.4th at 885. That ambiguity required the court to apply three doctrines: the rule of lenity, which resolves ambiguity in a criminal statute in the defendant's favor; the canon of constitutional avoidance, which counsels courts to interpret ambiguous statutes to avoid constitutional concerns; and the presumption in favor of scienter, which favors reading a criminal statute to require a guilty mental state. *Id.* at 881-83. Rhodes notes that in *Metcalf*, the court concluded that a defendant's "plausible"—even if improper—reading of §922(g)(8) was enough to warrant dismissal based on both the rule of lenity and the canon of constitutional avoidance. (Doc. 25 at 15). He further

[2] *See also United States v. Singh*, 979 F.3d 697, 727 (9th Cir. 2020); *United States v. Minor*, 165 F.4th 616, 626 (1st Cir. 2026); *United States v. Kaspereit*, 994 F.3d 1202, 1208 (10th Cir. 2021); *United States v. Bryant*, 976 F.3d 165, 172-73 (2d Cir. 2020); *United States v. Maez*, 960 F.3d 949, 954 (7th Cir. 2020); *United States v. Johnson*, 981 F.3d 1171, 1189 (11th Cir. 2020); *United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019).

argues that because Rhodes did not know this reading was improper, the presumption in favor of scienter supports dismissal here as well. (*Id.* at 14). Rhodes argues that the Court should dismiss his indictment on these same grounds because of the "grievously complex and ambiguous relationship between §922(g)(1), §921(a)(20), Texas law, and Montana law as applied specifically to [Rhodes]." (*Id.* at 16).

Unlike *Metcalf*, where the statutory provision was ambiguous, the Ninth Circuit has explained what constitutes a predicate offense under §922(g)(1). *Van Der Hule*, 759 F.3d at 1046. This does not change based on where the offense was committed or where the individual was convicted. The defendant in *Metcalf* had no way of knowing his "plausible" reading of the licensure exception was incorrect because the issue had never been adjudicated prior to his prosecution. *See Metcalf*, 156 F.4th at 885. The unique facts and narrow holding in *Metcalf* do not apply here where the Ninth Circuit has long held that only the convicting state can restore civil rights following a felony conviction. *See Van Der Hule*, 759 F.3d at 1046; *see also Meeks*, 987 F.2d at 578. Texas has not done so.

## IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant Michael Dewayne Rhodes's Motion to Dismiss (Doc. 24) is **DENIED**. IT IS SO ORDERED.

DATED this 28th day of August, 2026.

Kathleen Lane

KATHLEEN S. LANE
United States District Judge